UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Burns, #31338-047,<br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>M.V. Joseph, Warden,<br>　　　　　　　　　　Respondent. | ) C/A No. 4:25-1373-RMG-TER<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>) |

Petitioner is a federal prisoner confined at FCI-Bennettsville. (ECF No. 1). Petitioner was sentenced by the United States District Court, District of Nebraska. He is seeking habeas relief under § 2241 and proceeding in this action *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the petition is subject to summary dismissal.

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. Following the required initial review, it is recommended that the Petition submitted in this case should be dismissed.

## DISCUSSION

Petitioner alleges he is contesting how his sentence is being carried out, calculated, or credited by prison authorities (for example, revocation or calculation of good time credits). (ECF No. 1 at 2). Petitioner alleges his state and federal sentences were ordered to run concurrently. (ECF No. 1 at 2). Petitioner alleges he did all three steps of administrative exhaustion, but Petitioner alleges the BOP did not respond to any of them. (ECF No. 1 at 2-4). Petitioner alleges he never filed a § 2255 in the sentencing court. (ECF No. 1 at 4). Petitioner alleges he is not challenging his sentence but how his sentence is being executed. (ECF No. 1 at 5). Petitioner alleges the BOP is ignoring the intent of the sentencing court as to the running of federal and state sentences. (ECF No. 1 at 6). Petitioner's grievances stated "please adjust my time credit/release date to reflect the time I [spent] in state custody towards my federal sentence." (ECF No. 1-1 at 7).

Petitioner does not provide specific information as to his sentences in state and federal court; Petitioner does not state what the start dates and end dates of his sentences are or should be. Public records show Petitioner was sentenced federally June 30, 2020, to 182 months and "should be given credit for time served. Defendant has been federally detained since 8/28/2019." No. 4:19-cr-3089-JMG (ECF No. 49 D. Nebr.). The sentencing order does not state concurrent with state sentence or even mention state sentence. *Id.* Petitioner presented similar arguments to the sentencing court, and in an order in 2023, the sentencing court clearly stated that it could only recommend *not award* credit

for time served and the BOP had the exclusive authority to compute and apply time served credit. (ECF No. 64, D. Nebr.). In Petitioner's motion to the sentencing court, Petitioner noted the BOP did not start credits until the end of March 2021 when Petitioner's physical custody in state prison ended and his custody in federal prison began. (ECF No. 63, D. Nebr.).

The computation of a federal sentence is governed by 18 U.S.C. § 3585 and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence. 18 U.S.C. § 3585. A federal sentence cannot commence before it is imposed. *See* 18 U.S.C. § 3585(a) ("Commencement of sentence: A sentence to a term of imprisonment commences on the date the defendant **is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served**."). "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." *Bogan v. Warden, F.C.I. Edgefield*, No. 5:24-cv-1624-BHH-KDW, 2024 WL 5378999, at *3 (D.S.C. Oct. 8, 2024), *report and recommendation adopted*, 2025 WL 209693 (D.S.C. Jan. 16, 2025).

Credit for prior custody is governed by 18 U.S.C. § 3585(b), which states:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
**that has not been credited against another sentence**.

18 U.S.C. § 3585(b)(emphasis added). The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention

time." *U.S. v. Wilson*, 503 U.S. 329, 337 (1992); *see also United States v. Mojabi*, 161 F. Supp. 2d 33, 36 (D. Mass. 2001) (holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

Petitioner legally cannot be entitled to additional prior custody credit because he was serving a state sentence during the time period from August 2019 to March 2021. *See Lindsey v. Deboo*, 2012 WL 1987187, at *5 (N.D. W. Va. June 1, 2012). When a state maintains primary jurisdiction over a defendant, federal custody under a federal criminal sentence "commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998)). To relinquish or waive primary jurisdiction, a state may "deliver [the prisoner] into federal custody for the purpose of beginning his federal sentence." *Trowell v. Beeler*, 135 Fed. Appx. 590, 594 (4th Cir. 2005). The sentencing judge's order only recommended credit, there was no mention of the federal sentence running concurrently with the state sentence. If there is no clear intent by the sentencing judge to make a term of confinement concurrent with another sentence, the sentence is consecutive. *See* 18 U.S.C. § 3584 ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Nebraska state public records show Petitioner began his state sentence on July 29, 2019, before his federal arrest in August 2019, and was released from state custody on March 29, 2021.[1]

---

[1] See generally, https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (with search parameters limited by Petitioner's name). The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No.

Petitioner was arrested on the federal indictment around August 28, 2019, the same date the sentencing judge recommended credit to. The Petition does not allege how much credit Petitioner should have received or what his BOP release date should be. Petitioner is not statutorily entitled to credit by the BOP for the time Petitioner was serving a state court sentence from 2019 to March 2021 and his federal sentence had not yet commenced pursuant to 18 U.S.C. § 3585(a) until March 2021.

Statutorily, Petitioner cannot receive duplicate custody credit for the period when his state sentence was being served and when his federal sentence had not yet commenced. The Petition is recommended to be summarily dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the Petition be dismissed without requiring the respondent to file a return.

IT IS SO ORDERED.

June 4, 2025
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Petitioner's attention is directed to the important notice on the next page.**

---

07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).